IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| BILLIE JOE CHAPMAN, | ) | |
| | ) | CASE NO. BK07-40736-TLS |
| Debtor(s). | ) | |
| BILLIE JOE CHAPMAN, | ) | A07-4055-TLS |
| | ) | |
| Plaintiff, | ) | 4:07CV3081 |
| | ) | |
| vs. | ) | CH. 7 |
| | ) | |
| MICHAEL HOUSTON, N.D.C.S. Director, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

REPORT & RECOMMENDATION

This matter is before the court on referral from the federal district court because a party to the lawsuit filed for bankruptcy relief. The order of referral requests a report and recommendation from this court regarding the dischargeability of prisoner litigation filing fees for which the debtor plaintiff is liable.

The plaintiff is an inmate at the Nebraska State Penitentiary. He filed this civil rights action against various employees of the Nebraska Department of Correctional Services in March 2007 and was granted leave of the court to proceed *in forma pauperis* to pay the $350 filing fee in installments. 28 U.S.C. § 1915(b). No such payments have been made.

The plaintiff filed a Chapter 7 bankruptcy petition on April 17, 2007, which caused the civil case to be transferred to this court. The district court has requested guidance on the effect of the debtor's bankruptcy on the order to pay filing fees.

Debts for a prisoner's filing fees are not dischargeable in bankruptcy.

> A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt —
> (17) for a fee imposed on a prisoner by any court for the filing of a case, motion, complaint, or appeal, or for other costs and expenses assessed with respect to such filing, regardless of an assertion of poverty by the debtor under subsection (b) or (f)(2) of section 1915 of title 28 (or a similar non-Federal law), or the debtor's status as a prisoner, as defined in section 1915(h) of title 28 (or a similar non-Federal law)[.]

11 U.S.C. § 523(a)(17).

This section was added to the Bankruptcy Code in 1996 as part of the Prison Litigation Reform Act of 1995. Pub. L. No. 104-134, 110 Stat. 1321-66. Its purpose is to reduce the number of frivolous prisoner filings by preventing prisoners from using *in forma pauperis* provisions as a means to avoid filing fees. *South Bend Cmty. Sch. Corp. v. Eggleston*, 215 B.R. 1012, 1016-17 (N.D. Ind. 1997). As a result, a prisoner who brings a civil action *in forma pauperis* must pay the full amount of the filing fee, with an initial partial payment and monthly payments thereafter. 28 U.S.C. § 1915(b). The filing fees are not dischargeable in bankruptcy. *In re Domenico*, 364 B.R. 418 (Bankr. D.N.M. 2007); *Solomon v. Jarrett (In re Jarrett)*, 303 B.R. 816, 822 (Bankr. E.D. Ark. 2003); *Tennessee Dep't of Corr. v. Farnsworth (In re Farnsworth)*, 283 B.R. 503 (Bankr. W.D. Tenn. 2002). The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") amended § 523(a)(17) to clarify that it applies only to prisoners.[1]

I respectfully recommend to the United States District Court for the District of Nebraska that it withdraw the reference of this case for further proceedings. Mr. Chapman's debt for the federal court filing fees is not discharged in bankruptcy.

The Clerk of the Bankruptcy Court shall process this recommendation pursuant to the local court rules.

DATED:    July 19, 2007

                        RESPECTFULLY SUBMITTED,

                         /s/ Thomas L. Saladino
                        United States Bankruptcy Judge

---

[1] *See* H.R. Rep. No. 109-31(I) at 69 (2005), *reprinted in* 2005 U.S.C.C.A.N. 88, 137-38 (footnote omitted):

    Sec. 301. Technical Amendments. Section 301 of the Act makes a clarifying amendment to section 523(a)(17) of the Bankruptcy Code concerning the dischargeability of court fees incurred by prisoners. Section 523(a)(17) was added to the Bankruptcy Code by the Omnibus Consolidated Rescissions and Appropriations Act of 1996 to except from discharge the filing fees and related costs and expenses assessed by a court in a civil case or appeal. As the result of a drafting error, however, this provision might be construed to apply to filing fees, costs or expenses incurred by any debtor, not solely by those who are prisoners. The amendment eliminates this ambiguity and makes other conforming changes to narrow its application in accordance with its original intent.

Notice given by the court to:
    Billie Joe Chapman
    Rick Lange
    Nebraska Dept. of Correctional Services, Legal Division
    Nebraska Attorney General
    United States Trustee
    Clerk of the United States District Court